## PARKER v. MIDDLETON.

1. **Procedure:** TAKING ISSUE FROM JURY. Where an issue is made by the answer, and there is some, though slight, evidence to sustain it, it should be submitted to the jury.

2. **Practice:** BILL OF EXCEPTIONS: INSTRUCTIONS. Instructions are a part of the record, and need not be made such by bill of exceptions.

3. ——: EXCEPTIONS TO INSTRUCTIONS: WHEN TAKEN. Instructions need not be excepted to when given. It may be done within three days after verdict, in a motion for a new trial. Code, § 2789.

*Appeal from Harrison Circuit Court.*

THURSDAY, DECEMBER 4.

ACTION to recover specific personal property. The petition states that the defendant had, as sheriff, levied on the property in controversy as the property of one Perry, under an execution against him. Trial by jury, judgment for the plaintiff, and defendant appeals.

*H. H. Roadifer, A. W. Clyde* and *Joe H. Smith,* for appellant.

*Sims & Cadwell* and *J. W. Barnhart,* for appellee.

SEEVERS, J.—I. The defendant obscurely, but sufficiently, we think, in the absence of a motion for a more specific statement, pleaded that the plaintiff obtained the property in controversy for the purpose of hindering, delaying and defrauding the creditors of Perry. This issue the court failed to submit to the jury, and refused an instruction asked by the defendant, which embodied the theory of the defense. After a careful consideration of the evidence, we think there was some evidence which tends to sustain the issue of fraud. Whether it was sufficient was for the jury to say, and therefore the court erred in failing to submit such question to the

jury, and in refusing the instruction asked, or in failing to give one of similar import.

II. Counsel for the appellee insist that the instructions given the jury were not incorporated in and identified by a bill of exceptions. This is not essential. Instructions, when filed, become a part of the record, and may be certified to by the clerk. This has been so often determined that we supposed the rule was well understood by the profession. It is further said that such instructions were not excepted to at the time they were given. It is not essential that this should have been done, because they were excepted to in a motion for a new trial, which was filed within three days after verdict, and the grounds of the objections sufficiently stated in the exceptions. Code, § 2789. The refusal to give the instruction asked was excepted to at the time, as stated in the abstract, and this is not denied. The motion to strike the instructions must be overruled.

REVERSED.